## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THOMAS DAVIS,** | **Civil Action No. 20-8265 (MCA)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

This matter has been opened to the Court by Thomas Davis's motion to vacate pursuant 28 U.S.C. § 2255. For the reasons below, the Court denies the motion and denies a certificate of appealability.

### I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

On the night of December 1, 2017, East Orange police officers observed an individual, later identified as Davis, standing next to a Chevy Trail Blazer (the "Chevy"), speaking to the Chevy's driver. PSR ¶ 8. The officers watched Davis remove what they believed to be a firearm from his waistband and show it to the Chevy's driver before placing it back into his waistband. *Id.* Davis then returned to his own vehicle, (the "Sable"), and both vehicles started to drive away. PSR ¶ 9. As the officers began to follow both vehicles, they noticed that the Sable's right brake light was out. *Id.* The officers then attempted to initiate a vehicle stop by activating their emergency lights and siren, but Davis accelerated in a reckless manner. PSR ¶ 10. Davis's Sable came to a stop after colliding with several other vehicles at an intersection. *Id.* Davis then got out of the Sable and took off running. *Id.* The officers pursued Davis on foot and, as they were chasing him, they observed a firearm fall from Davis's waistband onto the sidewalk. PSR ¶ 11. The officers

eventually apprehended Davis and recovered the firearm from the sidewalk. *Id.* The firearm was a Smith and Wesson .38 caliber revolver, bearing serial number CYU2624, and was loaded with five rounds of SPL+P hollow point ammunition. PSR ¶ 12. A subsequent search of Davis's person resulted in the recovery of approximately twenty glassine envelopes containing heroin and two glass vials of crack-cocaine. PSR ¶ 14.

On April 6, 2018, Davis was indicted on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Crim. No. 18-185, Dkt. Nos. 3, 7. In April 2019, Davis entered a plea agreement to that charge; in return, the government agreed not to pursue any additional charges. Crim. No. 18-185, Dkt. No. 25 at 1. Pursuant to the plea agreement, the parties agreed that Davis's total Guidelines offense level was 21, which included a three-point deduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), & (b). *See id.* at Schedule A, ¶¶ 4-6. The parties also stipulated that neither party would argue for any upward or downward departures and that Davis waived the right to appeal or file a collateral attack if he was sentenced within the Guidelines range. Schedule A, ¶¶ 7-9.

On August 29, 2019, this Court sentenced Davis to 77 months imprisonment followed by three-year term of supervised release. Crim. No. 18-185, Dkt. No. 29 at 1-5. Davis did not file a direct appeal.

On or about July 1, 2020, Davis filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. In his motion, Davis argues that his guilty plea must be vacated in light of the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. ___, 139 S.

Ct. 2191 (2019). The government filed its answer on July 20, 2020. ECF No. 3. Davis did not file a reply brief responding to the government's arguments.[1]

## II.   <u>STANDARD OF REVIEW</u>

Under § 2255, a federal prisoner may move to vacate, set aside, or correct his federal sentence if: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the court lacked "jurisdiction to impose" the sentence; (3) the sentence exceeded "the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005); *United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. Frady*, 456 U.S. 152, 166 (1982)). In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted).

## III.   <u>DISCUSSION</u>

In his motion, Davis argues that his guilty plea must be vacated in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) ("We conclude that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of

---

[1] The Court has conducted a search of the Bureau of Prisons Federal Inmate Locator and it appears that Davis was released from prison on or about June 30, 2023.  *See* https://www.bop.gov/inmateloc/, last visited July 16, 2023.

persons barred from possessing a firearm."). The government argues that Davis's *Rehaif* claim is procedurally defaulted, barred by Davis's plea waiver, and meritless.[2]

A person is guilty of possession of a firearm by a convicted felon under § 922(g)(1) if: (1) he/she has been convicted of a crime of imprisonment for a term in excess of one year; (2) he/she knowingly possessed the firearm; and (3) the firearm traveled in interstate commerce. *See* 18 U.S.C. 922(g)(1); *United States v. Higdon*, 638 F.3d 233, 239-40 (3d Cir. 2011). In *Rehaif*, the defendant, like Davis, was charged with violating 18 U.S.C. § 922(g). Both Rehaif and Davis belong to a class of persons who are prohibited from possessing guns, *Rehaif* as an alien unlawfully in the United States, *see* § 922(g)(5)(A), and Davis as a person who had been convicted of a crime punishable by more than one year in prison. *See* § 922(g)(1). The trial court in *Rehaif* had instructed the jury that the government did not need to prove that Rehaif knew that he belonged to the relevant class of persons barred from possessing firearms, i.e., that he was an alien unlawfully in the United States. *Id.* at 2194. The Supreme Court held, however, that the government must prove that a defendant charged with violating § 922(g) knew both that he possessed a firearm and that he belonged to the relevant class of persons barred from possessing a firearm. *Id.* at 2200.

The Court first addresses whether Davis's *Rehaif* claim is procedurally defaulted. Here it is undisputed that Davis did not file a direct appeal. As a "general rule ... claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citing *United States v. Frady*, 456 U.S. at 167-68; *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)); *Farlow v. United States*, No. 20-10679, 2020 WL 838351, at *3 (D.N.J. Mar. 5, 2021) (finding that the defendant had

---

[2] Because the Court finds that Davis's *Rehaif* claim is procedurally defaulted and meritless, it need not address the government's argument that it is barred by his plea waiver.

procedurally defaulted his *Rehaif* claim by failing to raise it on direct appeal). To overcome this procedural default, Petitioner must demonstrate "cause" for and "actual prejudice" resulting from the default or that he is actually innocent. *See Bousley*, 523 U.S. at 622–23; *see also United States v. De Castro*, 49 F.4th 836, 847 (3d Cir 2022) ("In the habeas context, we allow a party to overcome their 'procedural default' if it can show either cause and prejudice or actual innocence.") (citing *Bousley*, 523 U.S. at 622)).

To establish "cause" for procedural default, a defendant must show that "'some objective factor external to the defense impeded counsel's efforts' to raise the claim." *U.S. v. Pelullo*, 399 F.3d 197, 223 (3d Cir. 2005) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)). Examples of external impediments that constitute "cause" in the procedural default context include "'interference by officials,' 'a showing that the factual or legal basis for a claim was not reasonably available to counsel,' and 'ineffective assistance of counsel.'" *Id.* (citing *Wise v. Fulcomer*, 958 F.2d 30, 34 n. 9 (3d Cir. 1992)).

Davis has not alleged any facts that would establish cause for his procedural default. As a rule, futility does not constitute cause merely because a claim "was unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 623 (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982)). The exception is if the claim was "so novel" at the time "that its legal basis [was] not reasonably available to counsel." *Id.* at 622 (internal quotation marks and citations omitted). The issue decided by the Supreme Court in *Rehaif*, however, had been litigated for years in the lower courts. *See United States v. Rehaif*, 888 F.3d 1138, 1145 n.3 (11th Cir. 2018) (listing decisions addressing the knowledge requirement under § 922(g)); *see also United States v. McLaughlin*, 607 F.Supp.3d 522, 535 (M.D. Pa., 2022) ("The question in *Rehaif* was frequently litigated in courts across the country before the Supreme Court decided *Rehaif*, and thus it cannot be said that the

question presented in *Rehaif* was so novel as to establish cause); *United States v. Morales-Ortiz*, Criminal Action No. 11-143, 2020 WL 7246913, at *3 (E.D. Pa. Dec. 9, 2020) ("Mr. Morales-Ortiz's claim is not a novel one because the question presented in *Rehaif* has appeared in a countless number of courts of appeals decisions over the years."); *Carney v. United States*, No. 20-872, 2023 WL 1990552, at *3 (D.N.J. Feb. 14, 2023) ( explaining same). The Court agrees with the government that Davis cannot establish cause with respect to his *Rehaif* claim.  Indeed, he has not even attempted to make that showing. Because Davis fails to establish cause, it is unnecessary to determine whether he has shown actual prejudice. *See Pelullo*, 399 F.3d at 224.

The other avenue for Davis to avoid procedural default and have his § 2255 claim considered on the merits is to make a threshold showing of "actual innocence." *See Bousley*, 523 U.S. at 622. "To demonstrate actual innocence ... [the Defendant] must show that he is factually innocent, not simply that the evidence was legally insufficient." *Stewart v. Warden Caanan USP*, No. 21-2980, 2022 WL 4533825, at *2 (3d Cir. Sept. 28, 2022) (per curiam) (citing *Bousley*, 523 U.S. at 623-24). Thus, Davis "must show that 'in light of all the evidence, it is more likely than not that no reasonable juror properly instructed on the intervening interpretation would have convicted him.'" *Id.* (quoting *Cordaro v. United States*, 933 F.3d 232, 241 (3d Cir. 2019)) (citing *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). In considering whether a defendant has made a threshold showing of actual innocence, "[the court] may consider the entire record, including the pre-sentence report." *Id.* (citing *Greer v. United States*, 141 S. Ct. 2090, 2098 (2021)). Here, Davis does not even attempt to show that he is actually innocent of the § 922(g) charge. As such, the Court finds his *Rehaif* claim procedurally defaulted.

Moreover, even if the Court were to set aside the procedural bars, Davis's *Rehaif* claim also fails on the merits. In *Greer v. United States*, 141 S. Ct. at 2097, the Supreme Court held that

a defendant asserting a *Rehaif* error on direct appeal must meet the plain error standard and show that "he would have presented evidence at trial that he did not in fact know he was a felon." *Greer*, 141 S. Ct. at 2100. As the Supreme Court explained, "demonstrating prejudice under *Rehaif* 'will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.'" *Greer*, 141 S. Ct. at 2098 (quoting *United States v. Lavalais*, 960 F.3d 180, 184 (2020)). In *Rehaif*, the Supreme Court provided examples where a defendant may not be aware of his or her status, including "an alien who was brought into the United States unlawfully as a small child and was therefore unaware of his unlawful status" and "a person who was convicted of a prior crime but sentenced only to probation, who does not know that the crime is 'punishable by imprisonment for a term exceeding one year.'" *Rehaif*, 139 S. Ct. at 2197–98 (citing § 922(g)(1)) (emphasis in original). The Supreme Court made clear, however, that circumstantial evidence is sufficient to establish knowledge of status, *id.* at 2198, and was careful to note that it "express[ed] no view ... about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions." *Id.* at 2200.

The record in this case includes strong circumstantial evidence that Davis was aware that he was a convicted felon at the time he possessed the firearm. The PSR shows that Davis was sentenced to four years' imprisonment on approximately five occasions before the § 922(g) conviction at issue in his § 2255 motion.[3] PSR ¶¶ 41, 43, 46, 47, 49. He pleaded guilty to multiple felony charges, including possession with intent to distribute, contrary to N.J.S.A. 2C:35-

---

[3] As explained in this Opinion, Davis does not allege that he was not aware of his status as a felon, and he did not file a reply brief challenging the accuracy of the facts set forth in the PSR with respect to his prior state court convictions. "It is well-established in this circuit . . . that a sentencing court may rely on the facts set forth in the presentence report when their accuracy is not challenged by the defendant." *United States v. Watkins*, 54 F.3d 163, 166-67 (3d Cir. 1995). Similarly, this Court relies on the facts set forth in the PSR in this proceeding because Davis does not challenge their accuracy.

5a(1)b(3); distribution of a controlled dangerous substance, contrary to N.J.S.A. 2C:35-5b(3); conspiracy to possess a controlled dangerous substance, contrary to N.J.S.A 2C:35-10(a)(1); and possession of a controlled dangerous substance within 1,000 feet of a school, contrary to N.J.S.A. 2C:35-7. *See id.* New Jersey does not label crimes as felonies or misdemeanors, but rather, classifies them as first-degree, second-degree, third-degree, and fourth-degree crimes. *See* N.J.S.A. 2C:43-6. Third-degree crimes, like the ones to which Davis pleaded guilty, are punishable by "a specific term of years, which shall be fixed by the Court and shall be between three years and five years." N.J.S.A. 2C:43-6(a)(3). Most tellingly, in 2014, Davis was sentenced to four years' imprisonment and was required to serve at least two years before becoming eligible for parole. Davis's criminal history makes it highly unlikely, indeed implausible, that he did not know of his status as a convicted felon. Moreover, as noted above, Davis has not alleged or provided any evidence showing that he did not know of his status as a convicted felon.  As such his *Rehaif* claim also fails on the merits.

## IV.   <u>CONCLUSION</u>

For the reasons stated in this Opinion, the Court denies Davis's § 2255 motion. The Court also denies a certificate of appealability ("COA") because reasonable jurists would not find the Court's assessment debatable. *See* 28 U.S.C. § 2253(c)(2) (a certificate of appealability is warranted "only if the applicant has made a substantial showing of the denial of a constitutional right."). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling. *U.S. v. Doe*, 810 F.3d 132, 144 (3d Cir. 2015) (cleaned

up) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). An appropriate Order follows.


    s/Madeline Cox Arleo     
HON. MADELINE COX ARLEO
United States District Judge


DATED: July 20, 2023.